Chief Justice Robertson
delivered the Opinion of the Court.
Two documents each ' purporting to be the last will of Doris Neal, deceased, were offered to the county court ¿f Shelby, for probate ; the first, dated in 1825, was ad-milted to record as the true last will, and the other, dat-ef¡ jn [ggo only three days before the testator’s death, . , was rejected.
One writ of error is prosecuted to reverse the order admitting the first paper, as the last will; and the other *163 writ of error seeks a reversal of the order rejecting the last document.
One only, of tlie three subscribing witnesses, being produced, to prove the execution of a will, he should be credible, and his testimony direct and positive ; his “ impressions,” and statements “according to the best of his rec-olection,” are not sufficient.
proof 0f tes_ tator’s capaci- and unsatisfactory; and k ap-peanng that, if the will was sign haste*3 and without the nybu^tim suhl scribing nitnes-raetéT^of C>thé writer of the onlyb^idmsdh his wife, and young son ; — that the same writer had written, and the same witnesses attested a former will, when the testator was, confessedly, not of disposing mind — are circumstances against the authenticity of the will.
As the proof of the due execution and publication of the paper dated in 1825, and of the testator’s legal capacity at the time of its execution, is perfectly satisfactory, the only question to be considered, is, whether the document dated in 1830, and which was rejected by the county court, should be deemed a revocation of the former.
The names of three persons are subscribed, in attestation of the rejected document. The testimony of only one of those persons (a youth,) was offered in this court. He swore, that it was his “impression.” that he was present at the execution, and subscribed his name ; that one of the other subscribing witnesses (his mother,) made her mark, according “ to the best of his recollection ; ” and that the testator was of disposing mind, “ to the best of his recollection. ”
Although one witness may be sufficient to. prove his own attestation, and that of another subscribing witness; nevertheless, when there is no other proof, the evidence of a single witness should not only be credible, but direct, positive and explicit. An “ impression ” is insufficient.
Though there are some circumstances which, in a slight degree, fortify the impression of the witness, yet there are other and opposing facts, which are, at least, equipollent, and neutralize the former.
The proof of the testator’s capacity to make a will, is contradictory, and far from being satisfactory. The inference is strong, that the paper was not read to the tes-tato-r. If subscribed by him at all, it was done hastily, i . . , - ’ J7 and without the knowledge or presence of any other persons than the subscribing witnesses. The person who wrote the paper (and who and whose wife and son purport to have been the only witnesses,), was a man of bad character, and furnished, by his conduct, some cause for apprehending that he had been tampered with, and induced to fabricate a spurious will. Moreover, he had written a paper purporting to be the will of Doris Neal, *164 in 1829, and which was attested by the same names that are subscribed to the document of 1830, and is almost its exact prototype ; and it seems to be conceded that, at the date of the paper of 1829, Doris Neal had not a disposing mind ; nor does it appear that, afterwards, he ever had any knowledge of the existence of such an instrument.
An inference, in favor of the validity of a will, drawn from the fact, that many of its provisions are like those of a former will, executed by the testator when undoubtedly of disposing mind, is more than rebutted by the iactjthatthepre-tended last will, bears a still closer resemblance to a paper purporting to be a will, signed by the testator -when he was clearly not - of disposing mind-
It is true that, although there is an essential difference between the provisions in the paper of 1825, and in that of 1830, the two. instruments are, in some respects, substantially the same; and hence the counsel for the plaintiff in error contend, that there is strong intrinsic evidence, that the last, as well as the first, was dictated by Doris Neal himself. But it is not improbable that others, who were interested in procuring such a document as that of 1830, knew the contents of that of 1825; and it is quite probable that they could have recollected them as well as such a man as Doris Neal could. The fact that he had not a disposing• mind at the date of the paper of 1829, and that the instrument of 1830, is almost a literal copy from that one, tends strongly to shew that the contents of the paper of 1825, were understood by those who dictated the two last documents, and that the last of the tivo is not more genuine, or effectual, than the other.
Although the sins of the father should not reflect on the son, nevertheless, in this case, the peculiar predicament, and reprehensible conduct, (as proved,) of the father, who wrote the paper of 1830, may tend to furnish a clue to the “ impression ” of the son, and to impair its force. And even that impression, thus weakened, is still more impaired by the fact, that other persons who. were at the house of Doris Neal about the time when the paper was attested, if attested at all in his presence, saw the father and mother there, but did not see the son.
Yfherefore, considering the nature of the testimony concerning the execution of the document of 1830, and the condition and capacity of Doris Neal about the time of its date, it is the opinion of this court, that the order of the county court, admitting the paper of 1825, and the order rejecting that of 1830, should be, and therefore they are, affirmed.